UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRELL D. CURRY,

        Plaintiff,

   v.

R. JONES; et al.,

        Defendants.

No. C 07-1413 MHP (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Terrell Curry, an inmate at the Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In this action, Terrell Curry complains about the allegedly inadequate dental care he received in prison for a broken tooth that caused him pain from about March 29, 2006 until it was extracted on May 16, 2006. Curry attached to his complaint his own declaration, which is incorporated by reference as a part of the complaint. The complaint alleges the following:

Curry saw dentist Dr. Jones and registered dental assistant Quigley on or about August 9, 2005 for a dental issue unrelated to the current dispute. He told them that he had a problem with another tooth (i.e., tooth # 9) that was cracked at the mid-root area and was loose. Dr. Jones told Curry that he should have tooth # 9 extracted soon. Curry declined to have it pulled that day because it did not then cause any pain and he felt ill with flu-like symptoms. He told them that he was not refusing forever to have tooth # 9 pulled but simply

refusing to have it pulled that day. Dr. Jones and Quigley told him to fill out a dental sick call slip when he was ready to have it extracted.

By about March 29, 2006, tooth # 9 had "begun to bother [Curry] a little," and he first started to complaint about the pain. Curry Decl., ¶ 3. He submitted a dental sick call slip, asking that the tooth be extracted as soon as possible.

Nothing happened for a month, so Curry submitted another dental sick call slip on April 26, 2006, labeling it an emergency. He was not seen or evaluated. He also submitted another dental sick call slip on April 27, 2006, describing his pain and requesting to see the dentist. On May 2, 2006, he wrote an emergency letter to defendants Jones and Quigley informing him of his serious pain and swelling. He received no response. On May 8, 2006, Curry submitted another emergency dental sick call slip to Jones and Quigley. He received no response.

On May 7, 2006, he tried to file an emergency grievance about the disregard of his health care service requests. Defendants Medina and Variz, the prison appeals coordinators, purposely chose not to process his inmate grievance as an emergency. The grievance was apparently processed as a regular inmate grievance, and the response thereto was that he would receive dental care within thirty days of the May 31 response. See Exh. F. The response was signed by Yolanda Bolton, who was responsible for scheduling inmates to see the dentist. Curry also states that Bolton, as well as Jones and Quigley had "disregarded all Health Care Service Request forms [he] submitted." Curry Decl., ¶ 13.

On May 16, 2006, Curry told a guard in the library that his face was swollen and he was in a lot of pain from tooth # 9. The library guard contacted a "medical guard" who contacted defendant Quigley and a dentist, Dr. Major. Curry's tooth was extracted that day.

## DISCUSSION

A. <u>Standards For Review Of Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and

2

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  The Claims

　　1.  Inmate Grievance Not Processed As An Emergency Grievance

Curry alleges that defendants Variz and Medina violated his First Amendment rights by failing and refusing to process his grievance as an emergency grievance. Their action apparently caused it to be processed as a regular grievance.

There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prisons. California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural

1 right that does not give rise to protected liberty interest requiring procedural protections of
2 Due Process Clause).

3      Curry had no federal constitutional right to a properly functioning appeal system. An
4 incorrect decision on an administrative appeal, failure to process the appeal in a particular
5 way, or failure to follow up on it therefore did not amount to a violation of his right to due
6 process. The claim is dismissed without leave to amend.

7     2.    <u>Deliberate Indifference Claim</u>

8      Deliberate indifference to a prisoner's serious medical needs violates the Eighth
9 Amendment's proscription against cruel and unusual punishment. <u>See</u> <u>Estelle v. Gamble</u>, 429
10 U.S. 97, 102-04 (1976). Serious medical needs may include dental care needs. <u>See</u> <u>Hunt v.
11 Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of
12 inmates). To prove that the response of prison officials to a prisoner's medical needs was
13 constitutionally deficient, the prisoner must establish (1) a serious medical need and (2)
14 deliberate indifference to that need by prison officials. <u>See</u> <u>McGuckin v. Smith</u>, 974 F.2d
15 1050, 1059-60 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v.
16 Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately
17 indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards
18 that risk by failing to take reasonable measures to abate it. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S.
19 825, 837, 844 (1994).

20      Liberally construed, the complaint states a claim for relief for deliberate indifference
21 to Curry's serious medical needs in violation of his rights under the Eighth Amendment.
22 Curry has stated a claim against defendants Jones, Quigley and Bolton, who allegedly failed
23 and refused to respond to Curry's many grievances requesting immediate dental care for his
24 painful and broken tooth.

25      The complaint does not state a claim for relief against defendants Variz and Medina,
26 whose alleged misdeed was to cause his inmate appeal to be processed as a regular inmate
27 appeal rather than an emergency inmate appeal. When the inmate appeal was ultimately
28 decided, the response from defendant Bolton, who scheduled dental appointments. Bolton's

4

May 31, 2006 response was that the grievance was partially granted and that Curry would be seen within thirty days of the response. Even if Variz and Medina had treated the inmate grievance as an emergency, they had no power to give him dental treatment; rather, they only could have caused his grievance to be considered more quickly. But the person who ultimately did answer the grievance and would schedule the dental appointments apparently didn't see Curry's description of his painful and abscessed tooth as presenting such an emergency as to require an immediate appointment and said it would occur within thirty days. Also, Curry's tooth actually was extracted within nine days of his submission of the grievance that he complains was not handled properly. Defendants Medina and Variz are not liable on an Eighth Amendment theory for their decision to that Curry's grievance should not be processed as an emergency.

## CONCLUSION

For the foregoing reasons,

1. Liberally construed, the allegations of the complaint state a cognizable § 1983 claim for an Eighth Amendment violation against defendants Quigley, Jones, and Bolton. The complaint does not state a claim against defendant Medina and Variz; they are dismissed from this action.

2. The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this Order of Service upon the following defendants: (1) dentist Dr. R. Jones, (2) registered dental assistant Quenn Quigley, and (3) Yolanda Bolton. All three defendants apparently work in the dental office at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **October 5, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

5

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 2, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.      If defendants wish to file a reply brief, they must file and serve the reply brief no later than **October 19, 2007**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to

1 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2      7.    Plaintiff is cautioned that he must include the case name and case number for
3 this case on any document he submits to this court for consideration in this case.

4      8.    Plaintiff sent the court asking for a copy of something called "judicial facts and
5 figures" from the Administrative Office of the U.S. Courts. He should send requests for such
6 publications directly to the Administrative Office in Washington D.C.

7      IT IS SO ORDERED.

8 Dated: August 6, 2007           _____

9                           Marilyn Hall Patel
                            United States District Judge

**United States District Court**
For the Northern District of California