UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. CURRY, | No. C 07-1413 MHP (pr) |
| Plaintiff, | **ORDER PERMITTING RESPONSE TO REQUEST FOR ENTRY OF DEFAULT** |
| v. | |
| R. JONES; et al., | |
| Defendants. | |

Plaintiff filed a motion for summary judgment, a motion to compel answers to interrogatories, and a request for entry of default. Due to service of process uncertainties discussed below, one or more defendants may not have been served with process and that problem needs to be resolved before other motions may be considered. Accordingly, the motion for summary judgment and motion to compel discovery are DENIED as premature. (Docket # 12 and # 16.) The court will permit defendants to file a response to the request for entry of default.

Many months ago, the court reviewed the complaint pursuant to 28 U.S.C. §1915A, found that the complaint stated a claim for relief against Dr. R. Jones, Quenn Quigley, and Yolanda Bolton, and ordered service of process on them. No defendant has filed an appearance, and the service of process forms were returned from the U.S. Marshal's office showing that none of the defendants had returned an acknowledgment of service. Clerical staff at the court made inquiries within the last few weeks and learned that (1) defendant Yolanda Bolton is now known as Yolanda Bolton Sanchez and works at CTF - Soledad rather than Salinas Valley, (2) defendant R. Jones may not have been served because his last

name is common, and (3) no reason was offered as to why Quenn Quigley was not served. Clerical staff also learned that defense of this action apparently has been assigned to Deputy Attorney General Kay Yu, although attorney Yu indicated she could not make an appearance in this action without a request from the defendants for representation.

Normally, the foregoing would suggest that service of process was not accomplished and needed to be redone. Here, however, plaintiff filed a request for entry of default on January 12, 2009, to which he attached exhibits indicating defendants have been served with process. Deputy Attorney General Yu, identifying herself as attorney "for defendants," issued records subpoenas on November 8, 2007 and December 17, 2007. Request For Entry Of Default, Exhs. A and B. In response to plaintiff's letter to Salinas Valley litigation coordinator E. Donnelly on December 27, 2007 inquiring about the dates on which process was served, Araceli Esparza, SSA, responded in a handwritten note: "Curry: date of service was 10/23/07 for R. Jones & Quenn Quigley. Y. Bolton was served at CTF - that is this individual's current location." Request For Entry Of Default, Exh. C.

In light of the fact that the prison litigation coordinator believes service of process has been accomplished and Deputy Attorney General Yu has held herself out as attorney "for defendants," it is inexplicable why defendants have not filed an appearance in this action and have not complied with the scheduling order in the order of service. The court is uncertain whether all three or less than all three defendants have been served with process as Deputy Attorney General Yu did not identify which of the three defendants she represented when she issued the subpoenas. The court will permit defendants and attorney Yu to explain why default should not be entered or should be entered against less than all three defendants.

Defendants may file and serve a response to plaintiff's request for entry of default no later than **March 31, 2009**. <u>Failure to file an opposition may result in the entry of default.</u>

IT IS SO ORDERED.

Dated: March 11, 2009

_____
Marilyn Hall Patel
United States District Judge