1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8   TERRELL D. CURRY,                        No. C 07-1413 MHP (pr)

9            Plaintiff,                      **ORDER**

10       v.

11  R. JONES; et al.,

12           Defendants.
    _____/

13

14          This matter is now before the court for consideration of service of problems, plaintiff's

15  default requests, defendant's demand for a court reporter, and to set a briefing schedule on

16  plaintiff's motions for summary judgment and to compel.

17  A.      Service Of Process Problems And Default Requests

18          Under Federal Rule of Civil Procedure 4(e), individuals may be served with process

19  by any of several listed methods or by using a method for service of process allowed by state

20  law.  California law allows for service of process by, among other means, mailing the

21  summons and complaint with two copies of a notice and acknowledgment of receipt of

22  summons.  See Cal. Code Civ. Proc. § 415.30.  However, service under § 415.30 is not

23  deemed complete until "the date a written acknowledgment of receipt of summons is

24  executed, if such acknowledgment thereafter is returned to the sender."  Cal. Code Civ. Proc.

25  § 415.30(c).  Section 415.30 provides an efficient and inexpensive means for service of

26  process, but depends on the cooperation of the defendant.  When a defendant does not sign

27  and return the written acknowledgment of receipt of summons, an alternative method of

28  service must be employed, albeit on the defendant's nickle.  Cal. Code Civ. Proc. §

United States District Court
For the Northern District of California

1  415.30(d).

2

3        In August 2007, the court ordered the U.S. Marshal to serve process on the three

4  defendants, i.e., Quigley, Jones and Bolton.  The Marshal mailed to each defendant the

5  summons and complaint, plus the acknowledgment of receipt forms in accord with the

6  procedure permitted under California Code of Civil Procedure § 415.30.  Although

7  defendants Quigley and Jones received the materials mailed to them, neither filled out the

8  acknowledgment of receipt of summons form.  Instead, they forwarded the materials to the

9  Attorney General's office where attorney Kay Yu (in accord with her department's practice)

10 did not complete the acknowledgment of receipt of summons forms.  She did, however, send

11 out a couple of subpoenas and then "simply forgot about" the case.  Yu Decl., ¶ 5.

12 Notwithstanding their actual receipt of the service of process package and counsel's

13 alarmingly casual attitude about a pending case, service of process was not considered to

14 have been completed on defendants Quigley and Jones because neither ever returned the

15 acknowledgment of receipt of summons form.  See Cal. Code Civ. Proc. § 415.30(c).

16 Defendants Quigley and Jones finally have made an appearance in this action and filed an

17 answer to the complaint on March 26, 2009.  They are not in default.

18        As to the third defendant, Yolanda Bolton, there is insufficient proof that she was

19 served with process in this action.  Although the prison litigation coordinator's office

20 informed plaintiff back in December 2007 that Bolton had been served with process at the

21 CTF - Soledad, Bolton never returned the acknowledgment of receipt form.   See March 12,

22 2009 Order Permitting Response To Request For Entry of Default ("March 12, 2009 Order"),

23 pp. 1-2.  Her failure to return the acknowledgment of receipt of summons form means that

24 service is not deemed to be complete, see Cal. Code Civ. Proc. § 415.30(c).  Without being

25 properly served, she is not in default.  Plaintiff's motions for entry of default and for default

26 judgment therefore are DENIED.  (Docket # 19 and # 26.)

27

28                                           2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1          Service of process by hand-delivery must be done on Yolanda Bolton by the Marshal

2  – a personal touch that Bolton will be paying for regardless of whether she prevails in this

3  action, <u>see</u> Cal. Code Civ. Proc. § 415.30(d).  It must first be determined where to find her, as

4  her whereabouts and actual name are in some dispute.  Clerical staff at the court made

5  inquires in February or March 2009 and learned from prison staff that Yolanda Bolton is now

6  known as Yolanda Bolton Sanchez and works at CTF - Soledad rather than Salinas Valley

7  State Prison.  <u>See</u> March 12, 2009 Order, p. 1.  However, when the court sent the order to her

8  using that name and address, it came back marked "return to sender" with a note attached that

9  said "currently no one @ CTF Soledad by said name(s)."  (Docket # 24.)

10         One easy place to start looking for her is with her current or past co-workers.

11  Defendant Jones and defendant Quigley must each submit a declaration under penalty of

12  perjury in which each provides the following information: (1) the full name of anyone he

13  works with whose first name is Yolanda, (2) the full name of anyone he works with whose

14  last name is Bolton, Sanchez, or Bolton Sanchez; (3) when and where he last saw Yolanda

15  Bolton (who also may be known as Yolanda Bolton Sanchez); (4) a current address

16  (residence or business) at which Yolanda Bolton (who also may be known as Yolanda Bolton

17  Sanchez) may be located.  The declarations must be filed and served no later than **July 17,**

18  **2009**.  Once the court receives this information, it will determine where to have the Marshal

19  serve defendant Bolton.

20  B.     <u>The Request For A Court Reporter</u>

21         Defendants Quigley and Jones filed an answer to the complaint captioned "Answer To

22  Complaint [-] Request For Jury Trial And Court Reporter."  Docket # 21.  The court is

23  puzzled by the request for a court reporter.  No later than **July 17, 2009**, defense attorney Yu

24  shall file a written response explaining why she has demanded a court reporter and the legal

25  authorities that support including such a demand with the answer.  She should also identify

26  any case(s) she is aware of in which a court reporter was not present during a jury trial in

27

28                                                      3

1  federal court.

United States District Court
For the Northern District of California

4

United States District Court
For the Northern District of California

C.      Briefing Schedule For Plaintiff's Motions

        Plaintiff filed a motion for summary judgment and a motion to compel that the court dismissed as premature in a March 12, 2009 Order.  Plaintiff then filed an unopposed motion to renew the motion for summary judgment and motion to compel.  Plaintiff's motion to renew his motions is GRANTED.  (Docket # 25.)   The motions can proceed as to the two defendants who have appeared in this action; there has already been significant delay in this action and there is no compelling reason to wait for the final defendant to be located and served with process before considering plaintiff's motions as to the two defendants who have appeared.  The court now sets the following briefing schedule on the motions:

        1.      The clerk will mail a copy of the motion for summary judgment (docket # 12), plaintiff's declaration in support thereof (docket # 13), and plaintiff's motion to compel (docket # 16) to defense counsel.

        2.      Defendants must file their opposition to the motion for summary judgment and opposition to the motion to compel no later than **July 31, 2009**.  Defendants should file two separate documents (i.e., one that is an opposition to the motion for summary judgment, and a second that is an opposition to the motion to compel).

        3.      Plaintiff must file his reply in support of each motion no later than **August 24, 2009**.  Plaintiff should file one reply in support of his motion for summary judgment and a separate reply in support of his motion to compel.

        IT IS SO ORDERED.

Dated: July 1, 2009

                                        Marilyn Hall Patel
                                        United States District Judge

5