UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. CURRY,<br><br>      Plaintiff,<br><br>  v.<br><br>R. JONES; et al.,<br><br>      Defendants.<br>                              / | No. C 07-1413 MHP (pr)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) COMPELLING DISCOVERY RESPONSES FROM DEFENDANTS; AND (3) REFERRING ACTION TO PRISONER MEDIATION PROGRAM** |

## INTRODUCTION

This case is now before the court for consideration of plaintiff's motion for summary judgment and plaintiff's motion to compel. For the reasons discussed below, the motion for summary judgment will be denied and the motion to compel will be granted. Discovery will be ordered. Lastly, the case will be referred to the pro se prisoner mediation program.

## BACKGROUND

In this action, Terrell Curry complains about the allegedly inadequate dental care he received in prison for a broken tooth that caused him pain from about March 29, 2006 until it was extracted on May 16, 2006.

The following facts are undisputed unless otherwise noted:

At the relevant time, Curry was an inmate at Salinas Valley State Prison. Also at the relevant time, Robert Jones D.D.S. was a dentist and Quendwa Quigley was a registered dental assistant on the medical staff at Salinas Valley.

On a standard dental chart, each tooth is assigned a number from 1 through 32. See Yu Decl., Ex. A at DR0010. Tooth # 9 is an upper front tooth. Tooth # 24 is a lower front tooth.

Curry saw Dr. Jones and registered dental assistant Quigley on or about August 9, 2005, at which time he told them that he had a problem with tooth # 9.  (Curry may not have referred to it as tooth # 9, but that is the way it is referred to in the records and in this order.)  Curry was informed that tooth # 9 had an abscess and should be removed. Curry refused treatment on the tooth that day.  A "refusal of examination and/or treatment" form was filled out by defendants Quigley or Jones that noted Curry's refusal to have tooth # 9 extracted that day: ""I/M didn't want it out today as it didn't hurt.  I advised him that untreated abscesses could eventually possibly be fatal." Yu Decl., Ex. A at DR0008.

On September 22, 2005, Dr. Jones removed Curry's tooth # 24, which also had an abscess.  Curry earlier had refused to have this tooth removed also.

In January 2006, Salinas Valley implemented new procedures for screening and scheduling patients for treatment.  The dental clinic staff members were reassigned to new positions and duties.   Under the new system, Dr. Jones was required to screen all of the requests for treatment every morning.  He would read the requests, sign them, and give them to the office technician who would schedule an appointment for the patient.  There is no evidence as to whether or how requests were prioritized.

By about March 29, 2006, tooth # 9 had "begun to bother [Curry] a little."  Complaint Exs., Curry Decl., ¶ 3.  He submitted a health care services request form to have his tooth checked out and possibly pulled. Dr. Jones signed the form on March 30, 2006.

Curry submitted health care services request forms on April 26 and 27, 2006, complaining of pain and pus from his cracked tooth that he now wanted pulled.   Dr. Jones signed both forms on May 2, 2006.

Curry wrote a letter dated May 2, 2006 that he labelled "*emergency* dentist" and in which he stated he had put in four requests in the last month and needed care for his broken tooth that was "infected, swollen and causing a lot of pain." Yu Decl., Ex. A at DR0019. Although the letter made it into his dental records, the parties disagree whether defendants Jones or Quigley received that letter.

On May 7, 2006, Curry submitted an inmate appeal in which he described his problem

2

as "an emergency dental issue," and asked for immediate dental care. Complaint, Ex. F. The complaint was stamped as received by prison officials on May 8, 2006. The inmate appeal coordinator sent the inmate appeal to the correctional treatment facility with directions to provide an informal level response. The inmate appeal form was given to Yolanda Bolton on May 15, 2006, whose response at the informal level stated, "Partially granted - you will be seen within 30 days." Id.

On May 8, 2006, Curry submitted another health care services request form for care for his worsening tooth abscess. Dr. Jones signed this form on May 10, 2006.

On May 16, 2006, Curry filled out another health care services request form for the tooth. He also told a guard in the library that his face was swollen and he was in a lot of pain from tooth # 9. The guard contacted someone from the medical department. Curry's tooth # 9 was extracted that day (i.e., May 16, 2006) by another dentist, Dr. Major.

On July 28, 2006, Dr. Jones examined Curry's mouth and found that the site of the extraction was healing well.

Curry filed a grievance dated May 17, 2006 about the allegedly inadequate dental care. Curry received a response to the grievance after his tooth was extracted.

## VENUE AND JURISDICTION

Venue is proper in the Northern District of California because the events or omissions giving rise to the claims occurred in Monterey County, which is located within the Northern District. See 28 U.S.C. §§ 84, 1391(b). This Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

## DISCUSSION

A.   Plaintiff's Summary Judgment Motion

   1.   Legal Standard

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an

1  element essential to that party's case, and on which that party will bear the burden of proof at
2  trial . . . since a complete failure of proof concerning an essential element of the nonmoving
3  party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477
4  U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the lawsuit
5  under governing law, and a dispute about such a material fact is genuine "if the evidence is
6  such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.
7  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

8        Generally, the moving party bears the initial burden of identifying those portions of
9  the record which demonstrate the absence of a genuine issue of material fact.  The burden
10 then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or
11 by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts
12 showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citations omitted).

13       On issues as to which the moving party bears the burden of proof at trial, he must
14 come forward with evidence which would entitle him to a directed verdict if the evidence
15 went uncontroverted at trial.  See Houghton v. Smith, 965 F.2d 1532, 1536 (9th Cir. 1992);
16 cf. Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (when moving party has the
17 burden (e.g., a plaintiff on his claim for relief), "'his showing must be sufficient for the court
18 to hold that no reasonable trier of fact could find other than for the moving party.'")

19       The court's function on a summary judgment motion is not to make credibility
20 determinations or weigh conflicting evidence with respect to a disputed material fact.  See
21 T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  The
22 evidence must be viewed in the light most favorable to the nonmoving party, and the
23 inferences to be drawn from the facts must be viewed in a light most favorable to the
24 nonmoving party.  See id. at 631.

25       2.    Deliberate Indifference To Serious Medical Needs

26       Deliberate indifference to a prisoner's serious medical needs violates the Eighth
27 Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429
28 U.S. 97, 102-04 (1976).  To prove that the response of prison officials to a prisoner's medical

4

needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). Serious medical needs may include dental care. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).

Defendants do not dispute that plaintiff's need to have an abscessed tooth extracted amounted to a serious dental need. Nor could they reasonably do so in light of their earlier advice to plaintiff that the failure to treat an abscessed tooth could result in death. See Yu Decl., Ex. A at DR0007 - DR0008. Defendants have not shown a triable issue of fact on the objective prong of the Eighth Amendment claim.

Defendants have raised a triable issue of fact as to whether they were deliberately indifferent to Curry's dental needs. Viewing the evidence in the light most favorable to defendants, as the non-movants, and drawing all reasonable inferences in their favor, it appears that there are triable issues of fact as to whether defendants responded to the serious dental need with the requisite mental state of deliberate indifference. Specifically, there are triable issues whether defendants were aware of the urgent nature of Curry's dental needs and whether defendants took reasonable steps to respond to Curry's requests for dental care in March - April 2006.

The parties agree that at least defendant Dr. Jones was aware of the requests for dental care. However, there is a triable issue as to whether he knew that the patient was not getting scheduled for care. Dr. Jones presented evidence that (1) he was unaware that the patient was not scheduled for a dental appointment although he had signed the requests, (2) he gave the requests to the office technician for scheduling after he signed them, (3) so many requests were being made to his department that he did not realize that Curry had not been treated and did not realize at that time that Curry had made repeated requests for services. Due to the

volume of requests being reviewed as well as the division of labor in the dental department, a reasonable jury might conclude that Dr. Jones did not know of and disregard a need for dental care. This is a close call, however, because defendants presented no evidence as to whether or how requests were prioritized. It is not clear whether it was a poorly designed system or whether it was a poor presentation to the court, but the opposition papers leave the reader guessing as to what the point was of Dr. Jones reviewing the requests if someone else did the scheduling and he gave no directions with regard to that scheduling.

There is a triable issue of fact whether defendant Quigley knew during the relevant time period (i.e., March 29 through May 16, 2006) that Curry had an urgent unmet dental need. Curry's only evidence on this point is his declaration stating that he was told by other staff members that they notified Quigley several times of Curry's complaints. This is inadmissible hearsay and fails to establish his entitlement to relief. Even if Curry surmounted the evidentiary problem, he would not prevail because defendant Quigley created a triable issue of fact in her declaration by stating that she unaware that Curry was seeking dental care in the relevant time period.

Defendant Bolton, she had not made an appearance at the time the motion was filed and the opposition was due. Curry has not shown that he is entitled to judgment as a matter of law on his claim against her.

Plaintiff is not entitled to summary judgment in his favor against any of the defendants. His motion for summary judgment will be denied.

B.  Motion To Compel Discovery

Plaintiff filed a motion to compel defendants to respond to his interrogatories. The court ordered defendants Jones and Quigley to file any opposition to the motion to compel no later than July 31, 2009. (Docket # 29.) The deadline has long passed and defendants never filed any opposition to the motion.

In his motion to compel, plaintiff established that (1) he sent "Plaintiff's First Set Of Interrogatories On Defendant R. Jones" and "Plaintiff's First Set Of Interrogatories On Defendant Q. Quigley" to defense counsel; (2) he received no response to either set of

6

interrogatories by the deadline; (3) he sent two meet-and-confer letters to defense counsel; and (4) he received no response from defense counsel. Plaintiff is entitled to an order compelling discovery from defendants in light of their failure to answer plaintiff's interrogatories to them. See Fed. R. Civ. P. 37(a)(3)(iii). The motion to compel is GRANTED as to defendants Jones and Quigley.

No later than **November 19, 2010**, defendant Jones must answer "Plaintiff's First Set Of Interrogatories On Defendant R. Jones," and defendant Quigley must answer "Plaintiff's First Set Of Interrogatories On Defendant Q. Quigley." To ensure that this deadline is not ignored by defendants or their counsel, defendants <u>must file a copy of the answers to interrogatories with the court</u> as well as send the answers to plaintiff by that deadline. Defendants have waived any objections to the interrogatories by failing to make timely objection to them. See Fed. R. Civ. P. 33(b)(4). Defendants therefore no longer have the option to interpose objections to any of the interrogatories and must answer each of the interrogatories. Failure to file and serve the answers to interrogatories by the deadline may result in the imposition of sanctions in accord with Federal Rule of Civil Procedure 37(b).

The motion to compel is DENIED as to defendant Bolton. Due to service of process problems, Bolton had not appeared in the action at the time the court set the briefing schedule for the motion and arguably was not subject to the order to file an opposition to the motion. Defendant Bolton now has appeared in the action. To avoid further delays in this action, the court now orders defendant Bolton to serve on plaintiff her response to "Plaintiff's First Set of Interrogatories On Defendant Y. Bolton" attached as Exhibit C to docket # 16 no later than **November 26, 2010**. To ensure that this deadline is not ignored by defendant Bolton or her counsel, defendant <u>must file a copy of the response to interrogatories with the court</u> as well as send the response to plaintiff by this deadline.

C.  <u>Referral To *Pro Se* Prisoner Mediation Program</u>

The court has a <u>Pro Se</u> Prisoner Mediation Program in which selected prisoner cases with unrepresented plaintiffs are referred to a neutral magistrate judge for mediation proceedings consisting of one or more conferences as determined by the mediator. This case

7

appears to be an excellent candidate for referral to the program. For defendants, there appears to be at least ineptitude in the handling of this prisoner's requests for dental care. For plaintiff, the damages are somewhat limited: this apparently was a tooth that had to be extracted – whether done immediately or after a delay -- and the damages will turn largely on the value of a toothache for six weeks.

Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the <u>Pro Se</u> Prisoner Mediation Program. The proceeding will take place within 120 days of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within five days after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings. The clerk will send to Magistrate Judge Vadas a copy of the complaint (docket # 1), the order of service (docket # 7), and this order.

Although this action is being referred for mediation, <u>defendants must still provide their answers and response to the interrogatories by the deadlines in this order</u>. No extensions of these deadlines should be expected, as defendants have ignored their discovery obligations for far too long already. The court is concerned about the age of this case in which so little progress has been made toward its resolution.

/ / /

/ / /

**CONCLUSION**

Plaintiff's motion for summary judgment is DENIED. (Docket # 12.)

Plaintiff's motion to compel discovery is GRANTED as to defendants Jones and Quigley and DENIED as to defendant Bolton. (Docket # 16.) Defendants Jones and Quigley must file and serve their answers to the interrogatories no later than **November 19, 2010**. Defendant Bolton must file and serve her response to the interrogatories no later than **November 30, 2010**.

This action is referred to the pro se prisoner mediation program.

IT IS SO ORDERED.

Dated: October 28, 2010

_____
Marilyn Hall Patel
United States District Judge

9